**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| CARRIE ANN LAMBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security,[1] ) <br> ) <br> Defendant. ) <br> _____ ) | No. 4:21-cv-00715-DCN-TER <br><br> **ORDER** |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's report and recommendation ("R&R"), ECF No. 21, that the court affirm the Commissioner of Social Security's ("Commissioner") decision denying claimant Carrie Ann Lambert's ("Lambert") application for social security insurance ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court departs from the R&R, reverses the Commissioner's decision, and remands the matter for further consideration consistent with this order.

## I. BACKGROUND

### A. Procedural History

Lambert filed an application for SSI and DIB on August 29, 2018, alleging that she has been disabled since March 31, 2013, later amended to December 7, 2016. The Social Security Administration (the "Agency") denied Lambert's application initially on April 2, 2019, and upon reconsideration on November 8, 2019. Lambert requested a

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kijakazi is automatically substituted for Andrew Saul, former Commissioner, as the defendant in this lawsuit.

1

hearing before an administrative law judge ("ALJ"), and ALJ Arthur L. Conover presided over a hearing held on August 17, 2020, at which Lambert and a vocational expert ("VE"), Carey A. Washington, testified. In a decision issued on September 14, 2020, the ALJ determined that Lambert was not disabled within the meaning of the Act from December 7, 2016 through the date of the decision. Lambert requested review of the ALJ's decision by the Appeals Council, and on January 13, 2021, the Appeals Council denied Lambert's request, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

On March 12, 2021, Lambert filed this action seeking review of the ALJ's decision. ECF No. 1, Compl. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the action was referred to Magistrate Judge Rogers. On May 24, 2022, Magistrate Judge Rogers issued the R&R, recommending that the court affirm the ALJ's decision. ECF No. 21. Lambert filed objections to the R&R on June 7, 2022, ECF No. 22, and the Commissioner responded to the objections on June 21, 2022, ECF No. 24. As such, the matter has been fully briefed and is ripe for the court's review.

### B. Medical History

The parties are familiar with Lambert's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Lambert's objections to the R&R. Lambert alleges an amended disability onset date of December 7, 2016, when she was forty-three years old. Lambert initially alleged disability due bipolar disorder, post-traumatic stress disorder ("PTSD"), spondylosis of the lumbar spine, postlaminectomy syndrome, sacrococcygeal disorders, neuralgia, neuritis, chronic pain

syndrome, radiculopathy, polymyalgia rheumatica, sciatica of right side, and trochanteric bursitis of right hip.  Lambert previously worked as a school bus driver, office manager, and machine operator.

### C. The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails

at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Lambert was disabled from her alleged onset date of December 7, 2016, the ALJ employed the statutorily required five-step evaluation process. At the first step, the ALJ found that Lambert has not engaged in substantial gainful activity during the relevant period. Tr. 13. At the second step, the ALJ found that Lambert has the following severe impairments: right hip bursitis, fibromyalgia, bipolar disorder, PTSD, obesity, and a history of spinal fusion. Tr. 13. At the third step, the ALJ found that Lambert does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in the Agency's Listing of Impairments, 20 CFR § 404.1520(d), et seq. Tr. 13. Before reaching the fourth step, the ALJ determined that Lambert retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant would need to sit or stand in 30 minute intervals with only occasionally pushing or pulling with the right leg. She should not work around ladders, ropes, or scaffolds, not perform kneeling or crawling, and occasionally climb ramps and stairs, balancing, stooping, and crouching. She can have occasional exposure to extreme cold and heat as well as harsh environmental irritants. She can not [sic] work on heights or dangerous machinery. Due to mental health, the claimant is limited to simple, routine, unskilled work with a reasoning level of two or less where she does not have to work with the public as customers.

Tr. 15. Based on the RFC, at the fourth step, the ALJ found that Lambert could perform representative occupations such as a telephone quotation clerk, addresser, or table worker. Tr. 24. Further, the ALJ found that considering Lambert's age, education, work experience, and RFC, Lambert is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Tr. 24. Therefore, the

ALJ concluded that Lambert was not disabled under the meaning of the Act during the period at issue.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where

conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). Further, although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987).

### III.   DISCUSSION

Lambert brought this complaint against the Commissioner on the grounds that the ALJ failed to properly evaluate Lambert's fibromyalgia. As stated above, the ALJ deemed Lambert's fibromyalgia to be a severe impairment but determined that Lambert's severe impairments did not meet or medically equal any of the qualifying listings. This prompted the ALJ to assess Lambert's RFC. Lambert argued that in reaching this decision, "[t]he ALJ failed to properly follow SSR 12-2p, which expressly explains how to evaluate claims involving fibromyalgia." ECF No. 16 at 31. In the R&R, the Magistrate Judge agreed that the ALJ determined Lambert's fibromyalgia was a severe impairment without discussing the evidence used to reach that finding. Nevertheless, the Magistrate Judge found that the ALJ extensively analyzed the record of Lambert's treatments, exams, and assessments wherein she referenced various complaints of pain. Based on the ALJ's consideration of that evidence, the Magistrate Judge recommended

upholding the ALJ's decision and RFC narrative. Alternatively, the Magistrate Judge stated that even if the ALJ erred in failing to address the evidence of fibromyalgia in the record, "it cannot be said to be [an] outcome determinative error." R&R at 9. Lambert objects to the R&R, arguing that the ALJ's failure to evaluate the severity of Lambert's fibromyalgia was an outcome determinative error. Upon review, the court agrees that the ALJ failed to adequately account for Lambert's fibromyalgia in accordance with SSR 12-2p.

"Although there is no medical listing for fibromyalgia, Titles II and XVI of Social Security Ruling 12-2p provide[] guidance on how the Commissioner develops evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how to evaluate fibromyalgia in disability claims and continuing disability reviews." Smith v. Colvin, 2015 WL 7571946, at *7 (W.D. Va. Nov. 24, 2015) (citing SSR 12-2p, 77 Fed. Reg. 43,640 (July 25, 2012)). Pursuant to SSR 12-2p, a claimant can establish a medically determinable impairment of fibromyalgia by demonstrating (1) a diagnosis of fibromyalgia from an acceptable medical source and (2) evidence that satisfies either the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia (the "1990 Criteria"), or the 2010 ACR Preliminary Diagnostic Criteria (the "2010 Criteria")." SSR 12-2p (available at 2012 WL 3104869); see also Conrad v. Comm'r of Soc. Sec. Admin., 2021 WL 9036993, at *4 (W.D.N.C. Nov. 12, 2021). SSR 12-2p further provides guidance on the actions the Commissioner should take when there is insufficient evidence to determine whether the claimant has a medically determinable impairment of fibromyalgia. SSR 12-2p.

Here, the ALJ found at step two that Lambert's fibromyalgia was a severe impairment. Despite this finding, the ALJ referred to fibromyalgia only one other time in its decision: "Looking at the State agency medical consultant findings, at the initial level, Timothy Laskis, Ph.D., found the claimant had severe impairments due to spine disorders, fibromyalgia, and depressive, bipolar and related disorders . . . ." Tr. 20 (emphasis added). The Magistrate Judge acknowledged as much but found that even if the ALJ did not explicitly reference fibromyalgia, he provided a "plethora of objective exam and pain complaint citations." R&R at 9. The Magistrate Judge further noted that Lambert did not provide any pain management treatment notes that discussed an assessment or treatment plan for fibromyalgia.

As a threshold matter, the ALJ's failure to discuss why fibromyalgia did not meet the criteria for constituting a medically determined impairment under SSR 12-2p, on its own, warrants remanding to allow the ALJ to further develop the record. See Keener v. Saul, 2020 WL 1876060, at *3 (W.D.N.C. Apr. 15, 2020) (remanding where the ALJ "failed to provide an evaluation that would allow this Court to determine if the ALJ's ultimate disability determination is supported by substantial evidence because he failed to consider Plaintiff's fibromyalgia according to the criterion set forth in SSR 12-2p"); Thomas v. Saul, 2019 WL 4021031, at *4 (W.D.N.C. Aug. 23, 2019) ("Because the ALJ failed to consider the 2010 Criteria, the ALJ's conclusion that the Plaintiff's fibromyalgia was not a medically determinable impairment was not supported by substantial evidence."); Kinsey v. Berryhill, 2018 WL 1443952, at *4 (D.S.C. Mar. 22, 2018) (noting that because it was unclear what basis, if any, the ALJ was using to dismiss the plaintiff's allegations of fibromyalgia, "further explanation is necessary before the Court can

properly evaluate the ALJ's decision and determine whether it is supported by substantial evidence."). The Commissioner argues that Lambert fails to point to a specific provision in SSR 12-2p that the ALJ did not follow, but the ALJ's failure to conduct an analysis based on the 1990 Criteria or 2010 Criteria is itself a reversible error. Weathers v. Comm'r of Soc. Sec, 2021 WL 6494817, at *6–7 (D.S.C. Dec. 16, 2021), report and recommendation adopted, 2022 WL 126344 (D.S.C. Jan. 12, 2022) (noting the ALJ's failure to "address all three 1990 Criteria or all three 2010 Criteria" under SSR 12-2p and recommending the action be reversed and remanded to consider the plaintiff's fibromyalgia).

The Magistrate Judge found that the ALJ's discussion of Lambert's general pain treatment, coupled with the omission of fibromyalgia treatment in Lambert's records, satisfies the sufficient evidence standard that this court reviews for. The court respectfully disagrees. The Magistrate Judge noted that Lambert was assessed for myofascial pain that was noted as "likely fibromyalgia" and observed that there was no mention of fibromyalgia in the remainder of Lambert's treatment history. In doing so, the Magistrate Judge conducted an analysis of fibromyalgia that was absent from the ALJ's decision. But "the court cannot substitute reasoning provided by judges and counsel where an ALJ fails to provide his or her own reasoning and factual findings." Gardner v. Comm'r of Soc. Sec. Admin., 2018 WL 4272189, at *4 (D.S.C. Sept. 7, 2018) (citing Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)). As such, the Magistrate Judge's analysis of fibromyalgia is not a valid substitute for the ALJ's analysis under SSR 12-2p.

Even if the court were to accept that the ALJ had implicitly applied the criteria set forth in SSR 12-2p, the court would find that such analysis was lacking. By the Commissioner's own admission, the ALJ's analysis relied predominantly on objective evidence to discount Lambert's claim of fibromyalgia. See ECF No. 24 at 6 ("The ALJ cited objective medical evidence as failing to support Plaintiff's 'allegations of disabling symptoms' . . . ."). Such analysis is at odds with controlling Fourth Circuit precedent providing that "ALJs must not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 97 (4th Cir. 2020); accord Kalmbach v. Comm'r of Soc. Sec., 409 F. App'x 852, 864 (6th Cir. 2011) ("[T]he absence of objective medical evidence to substantiate the diagnosis of fibromyalgia or its severity is basically irrelevant."). Indeed, courts in this circuit and others have "noted that fibromyalgia 'poses particular challenges to credibility analyses due to the limited available objective medical evidence.'" Elburn v. Comm'r, Soc. Sec., 2014 WL 7146972, at *3 (D. Md. Dec. 12, 2014) (quoting Gavigan v. Barnhart, 261 F. Supp. 2d 334, 340 (D. Md. 2003)); Dowell v. Colvin, 2015 WL 1524767, at *3 (M.D.N.C. Apr. 2, 2015) ("Numerous courts have recognized that fibromyalgia's symptoms are entirely subjective and that there are no laboratory tests that can confirm the presence or severity of the syndrome.") (cleaned up). While a patient may feel chronic, widespread pain, "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." Id. (quoting Green-Younger v. Barnhart, 335 F.3d 99, 108–09 (2d Cir. 2003) (other citations omitted). In sum, a lack of objective evidence is par for

the course for fibromyalgia—consequently, objective evidence (or a lack thereof) cannot constitute substantial evidence to support the ALJ's decision.  See Green-Younger, 335 F.3d at 108–09.

The Commissioner argues that Arakas is not instructive here because Arakas did not create a categorical rule that an ALJ automatically errs by considering objective medical evidence.  While that may be true, the caselaw discussed above is clear that the ALJ may not unduly rely on objective evidence to discount the plaintiff's subjective complaints of pain.  The Commissioner presents two responses to that point.  First, the Commissioner argues that the ALJ did not discount Lambert's allegations of pain because Lambert "did not allege that this type of pain rendered her disabled or completely unable to work."  ECF No. 24 at 6.  The Commissioner refers to SSR 12-2p's definition of fibromyalgia as a "complex medical condition characterized by widespread pain."  Id. at 6 n.3 (quoting SSR 12-2p) (emphasis in original).  But the Commissioner's assertion that the ALJ need only review subjective complaints of widespread pain is directly contradicted by precedent.  See Burnett v. Saul, 2020 WL 5793356, at *7 (D.S.C. Sept. 29, 2020) (noting the ALJ's failure to consider the plaintiff's "increased fatigue," "exercise intolerance," "multiple body aches," and other symptoms); see also Rose v. Shalala, 34 F.3d 13, 18 (1st Cir. 1994) (same, for "persistent fatigue").  In short, there is no basis for finding that the ALJ's decision is supported by substantial evidence where he only screens for complaints of widespread pain.

Second, the Commissioner argues that unlike in Arakas, the ALJ here considered subjective evidence such as the Lambert's pain complaint reports and treatment with injections.  As another court has explained, however, such an argument is unavailing

where the ALJ places "undue emphasis" on the objective evidence and indicates that the objective evidence is the "chief, if not definitive, reason for discounting [the plaintiff's] complaints." McManus v. Comm'r of Soc. Sec. Admin., 2022 WL 3371785, at *6 (D.S.C. July 26, 2022), reported and recommendation adopted sub nom., McManus v. Kijakazi, 2022 WL 3371192 (D.S.C. Aug. 15, 2022) (citing Arakas, 983 F.3d at 97). Furthermore, as the Magistrate Judge noted, the record contains references to fibromyalgia in Lambert's medical histories that the ALJ did not consider. See R&R at 8 (citing Tr. 345, 523, 617, 1053). In the absence of any direct reference to Lambert's complaints of fibromyalgia, the court cannot fully discern whether the ALJ weighed her subjective complaints against the objective evidence. In sum, it is not clear that the objective findings (or lack thereof) that the ALJ relied upon supported finding that Lambert's fibromyalgia constituted a severe impairment, but not a medically disabling impairment.[2]

Finally, the court addresses the Magistrate Judge's recommendation that the court determine that any error by the ALJ does not constitute an outcome-determinative error. The court finds that based on the failure to develop the record, it is unable to reach that

---

[2] Similarly, an ALJ may be found to have erred by relying on objective evidence to support a mental RFC determination. See Nole v. Comm'r of Soc. Sec. Admin., 2021 WL 5360612, at *9 (D.S.C. Nov. 4, 2021), report and recommendation adopted sub nom., Nole v. Kijakazi, 2021 WL 5359150 (D.S.C. Nov. 17, 2021) (noting that because the ALJ relied on objective evidence, it was unclear whether the ALJ considered the plaintiff's fibromyalgia, which may cause "exertional limitations that prevent a person from doing the full range of unskilled work"). Here, the Magistrate Judge found that the ALJ had properly accounted for pain complaints in the record by reaching a "sedentary RFC finding." R&R at 9. Lambert does not directly object to the RFC determination, only arguing that "the lack of discussion by the ALJ warrants remand." As such, the court focuses on the ALJ's step three determination while noting that the same analysis applies to the RFC determination as well.

determination.  Although the court is mindful that the ALJ retains the authority to make the disability and RFC determinations, the ALJ's decision must still provide specific reasons supported by evidence in the record to clarify to the court the weight afforded to Lambert's subjective complaints of fibromyalgia pain.  See Dowell v. Colvin, 2015 WL 1524767, at *3 (M.D.N.C. Apr. 2, 2015).  "A necessary predicate to engaging in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning."  Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).  "This requires that the ALJ build a logical bridge between the evidence and his conclusions."  Dowell, 2015 WL 1524767, at *4 (citation omitted).  Given the administrative decision in this case, the court cannot ascertain whether the ALJ accounted for Lambert's fibromyalgia symptoms and pain in making the step three determination or in making the RFC determination. Accordingly, the court remands this case for further administrative review of Lambert's claim for SSI and DIB benefits.

## IV.   CONCLUSION

For the foregoing reasons the court declines to adopt the R&R, **REVERSES** the Commissioner's decision, and **REMANDS** the matter to the Commissioner for further administrative action consistent with this order.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 29, 2022
Charleston, South Carolina**